# EXHIBIT 1



Wayne J. Miller
Maureen H. Kinsella†
Milea M. Vislosky

Ronni Tischler
1954 - 2014

†Also admitted in New York

## MILLER & TISCHLER, P.C.
### ATTORNEYS AT LAW
28470 W. 13 Mile Road, Suite 300
Farmington Hills, Michigan 48334-5401
248/945-1040 PH • 248/536-5042 FX
EMAIL: msapc@msapc.net
www.millertischler.com

Sean F. Kelly
Alison F. Khorey
Kevin A. McNeely
Andrew J. Horne
Claire D. Vergara
Peter L. Schwartz
Christopher J. Adams
Melissa A. Brown

Brenda Kaplan
Paralegal

April 8, 2015

***CERTIFIED MAIL***
***RETURN RECEIPT REQUESTED***
AMICA Mutual Insurance Company
c/o Resident Agent-Steven L. McNaney
777 E. Eisenhower Parkway, Suite 760
Ann Arbor, MI 48108-3273

RE:    Michigan Head & Spine Institute/Gow v AMICA Mutual Insurance Company
       Wayne County Circuit Court Case No.:        15-0044439-NF
       Our File No.:  1282-1252

Dear Sir/Madam:

Please find enclosed a copy of our civil Complaint and Summons with regard to the above referenced matter.

Please forward these documents to the proper department and/or person.  Please also let us know the name of the attorney who will be handling this matter on Defendant AMICA's behalf.

In the event that you fail to take any action at all, a default will be entered against you.

I look forward to hearing from your attorney.

Very truly yours,

MILLER & TISCHLER, P.C.

ALISON F. KHOREY
Direct email:  akhorey@msapc.net
AFK/rrs
Enclosures

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND RETURN OF SERVICE | CASE NO. 15-004439-NF |
|---|---|---|

2 Woodward Ave., Detroit MI 48226                                 Court Telephone No. 313-224-0250

**THIS CASE IS ASSIGNED TO JUDGE**    David J. Allen    **Bar Number: 48982**

| Plaintiff | | Defendant |
|---|---|---|
| Michigan Head & Spine Institute, P.C. (Gow) | v | AMICA Mutual Insurance Company |
| **Plaintiff's Attorney** | | **Defendant's Attorney** |
| Alison Frihart Khorey, P-75716 28470 W 13 Mile Rd Ste 300 Farmington Hills, MI 48334-5400 | | |

| CASE FILING FEE | JURY FEE |
|---|---|
| [X] Case Filing Fee - $150.00 | [ ] Jury Fee - $85.00 |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 4/1/2015 | 7/1/2015 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.        CATHY M GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1.   You are being sued.

2.   YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3.   If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

__   There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

X    A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

__   There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__   An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
| 12-006185-NF | David J. Allen | 48982 |

The action   [ ] remains   [ ] is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

4-2-15
Date                    Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES.  EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
          MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | **RETURN OF SERVICE** | CASE NO.<br>15-004439-NF |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**    OR    ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization not required)

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee<br>$ | Miles traveled<br>$ | Mileage fee<br>$ | Total fee<br>$ | Signature |
|---|---|---|---|---|

Name (type or print)

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                      Date

My commission expires: _____ Signature: _____
              Date                    Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                           Attachments

_____ on _____
                         Day, date, time

_____ on behalf of _____
Signature

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
        MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

db

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHIGAN HEAD & SPINE INSTITUTE, P.C.,          Case No. 15-          -NF
(re: Gow)                                        Hon.

　　　　　　Plaintiff,

v

AMICA MUTUAL INSURANCE COMPANY,                         **15-004439-NF**
                                                    **FILED IN MY OFFICE**
　　　　　　Defendant.                              **WAYNE COUNTY CLERK**
                                                   **4/1/2015 2:51:33 PM**
                                                   **CATHY M. GARRETT**
_____

MILLER & TISCHLER, P.C.
BY: ALISON F. KHOREY (P75716)
Attorneys for Plaintiff
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334
(248) 945-1040 / (248) 536-5042 fax
email: akhorey@msapc.net

_____

> *A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the Wayne County Circuit Court, where it was given docket number 12-006185-NF and assigned to Judge Prentis Edwards. The action is no longer pending. Another civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the Oakland County Circuit Court, where it was given docket number 2010-106951-NO and assigned to Judge Denise Langford Morris. The action is no longer pending.*

　　　　　　　*/s/ Alison F. Khorey*
　　　　　　　Attorney for Plaintiff

## **COMPLAINT**

　　Plaintiff, MICHIGAN HEAD & SPINE INSTITUTE, P.C. ("MHSI"), by its attorneys, Miller & Tischler, P.C., for its Complaint against AMICA MUTUAL INSURANCE COMPANY ("Amica") states:

## NATURE OF THE CLAIM

1.      This is an action for No-Fault benefits.  On or about December 15, 2008, Mary Gow ("Gow") was severely injured in a motor vehicle accident.  Gow and her service providers are entitled to No-Fault benefits from Amica for injuries arising out of the subject motor vehicle accident.  MHSI provided medical services to Gow and submitted claims for payment to Amica.  Amica failed to reimburse MHSI.  By this action, MHSI seeks reimbursement for services provided to Gow as well as all applicable No-Fault penalties.

## THE PARTIES

2.      Plaintiff, MHSI, is a provider of medical, therapeutic and rehabilitative services and has its principal offices in Oakland County, Michigan.

3.      Defendant Amica is an insurance corporation authorized to conduct business and conducting business in Wayne County, Michigan.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court because the amount in controversy exceeds $25,000 and is otherwise within the jurisdiction of this Court.

5.      Venue is proper in this Court because the Defendant conducts business in Wayne County, Michigan.

## COMMON ALLEGATIONS

6.      Paragraphs 1 through 5 are incorporated as if fully restated herein.

7.      On or about December 15, 2008, Gow was seriously injured in a motor vehicle accident within the meaning of the No-Fault act, MCL 500.3101, *et seq.*

8.      MHSI treated and provided medical services to Gow related to the injuries she sustained in the subject motor vehicle accident.

2

9.     MHSI is entitled to be reimbursed for all reasonable charges incurred for reasonably necessary products, services and accommodations for Gow's care, recovery or rehabilitation for injuries arising out of the subject motor vehicle accident. MCL 500.3107(1)(a).

10.    The reasonable and customary charges for the services provided to Gow by MHSI between September 2, 2014, and March 13, 2015, total $72,160.00.

11.    Amica is the No-Fault insurer responsible to pay the personal injury protection benefits applicable to the injuries Gow sustained in the subject motor vehicle accident, either by way of contract, a copy of which is in Amica's possession, or by way of statute.

12.    There are no other higher priority insurance carriers under the No-Fault Act to provide benefits applicable to the injuries Gow sustained in the subject motor vehicle accident.

13.    The Amica claim number for Gow's claim is 60000141905.

14.    MHSI submitted reasonable proof of the fact and amount of loss to Amica pursuant to MCL 500.3142 and demanded payment for its services.

15.    Despite MHSI's demands, Amica has unreasonably withheld and/or delayed payment.

16.    Amica's actions in withholding and/or delaying payment are a breach of the contractual and/or statutory obligation to provide No-Fault insurance benefits.

17.    Amica's actions in withholding and/or delaying payment subject it to liability for No-Fault penalty interest, pursuant to MCL 500.3142.

18.    Amica's actions in withholding and/or delaying payment are unreasonable within the meaning of the No-Fault Act and subject it to liability for No-Fault penalty attorney fees, pursuant to MCL 500.3148.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests the following relief:

A.   Order Amica to pay the No-Fault benefits to which MHSI is entitled;

B.   Grant judgment against Amica for the total amount of liability due and payable to MHSI for services provided to Gow;

C.   Order Amica to pay No-Fault penalty interest on the overdue benefits;

D.   Find that Amica's conduct in refusing to pay and or delaying payment of the benefits in this dispute is unreasonable;

E.   Order Amica to pay No-Fault penalty attorney's fees to MHSI; and

F.   Grant such other and further relief as the Court deems just and proper.

<div style="margin-left:40%">

Respectfully submitted,

MILLER & TISCHLER, P.C.

*/s/ Alison F. Khorey*
BY: ALISON F. KHOREY (P75716)
Attorney for Plaintiff
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334
(248) 945-1040 / (248) 536-5042 fax

</div>

Dated: April 1, 2015

4

# EXHIBIT 2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHIGAN HEAD & SPINE INSTITUTE, P.C.,
(re: Gow)

        Plaintiff,

v

AMICA MUTUAL INSURANCE COMPANY,

        Defendant.

Case No. 15-004439-NF
Hon. David J. Allen

15-004439-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/29/2015 3:57:40 PM
CATHY M. GARRETT

| | |
|---|---|
| MILLER & TISCHLER, P.C.<br>BY: ALISON F. KHOREY (P75716)<br>Attorneys for Plaintiff<br>28470 W. 13 Mile Road, Suite 300<br>Farmington Hills, MI 48334<br>(248) 945-1040 / (248) 536-5042 fax<br>email: akhorey@msapc.net | HEWSON & VAN HELLEMONT, P.C.<br>BY: DIANE L. HEWSON (P44628)<br>    ANDREA M. MANNINO (P78856)<br>Attorneys for Defendant<br>25900 Greenfield Rd., Ste. 650<br>Oak Park, MI 48237<br>(248) 968-5200 / (248) 968-5270 fax<br>email: diane@vanhewpc.com<br>amannino@vanhewpc.com |

## **FIRST AMENDED COMPLAINT**

Plaintiff, MICHIGAN HEAD & SPINE INSTITUTE, P.C. ("MHSI"), by its attorneys,

Miller & Tischler, P.C., for its First Amended Complaint against AMICA MUTUAL

INSURANCE COMPANY ("Amica") states:

## **NATURE OF THE CLAIM**

1.     This is an action for No-Fault benefits and damages. On or about December 15,

2008, Mary Gow ("Gow") was severely injured in a motor vehicle accident. Gow and her

service providers are entitled to No-Fault benefits from Amica for injuries arising out of the

subject motor vehicle accident. MHSI provided medical services to Gow and submitted claims

for payment to Amica. Amica failed to reimburse MHSI. By this action, MHSI seeks

reimbursement for services provided to Gow as well as all applicable No-Fault penalties and double damages under the Medicare Secondary Payer Act.  This First Amended Complaint is filed pursuant to MCR 2.118(A)(1).

## THE PARTIES

2.      Plaintiff, MHSI, is a provider of medical, therapeutic and rehabilitative services and has its principal offices in Oakland County, Michigan.

3.      Defendant Amica is an insurance corporation authorized to conduct business and conducting business in Wayne County, Michigan.

## JURISDICTION AND VENUE

4.      Jurisdiction is proper in this Court because the amount in controversy exceeds $25,000 and is otherwise within the jurisdiction of this Court.

5.      Venue is proper in this Court because the Defendant conducts business in Wayne County, Michigan.

## COUNT I – BREACH OF CONTRACT

6.      Paragraphs 1 through 5 are incorporated as if fully restated herein.

7.      On or about December 15, 2008, Gow was seriously injured in a motor vehicle accident within the meaning of the No-Fault act, MCL 500.3101, *et seq.*

8.      MHSI treated and provided medical services to Gow related to the injuries she sustained in the subject motor vehicle accident.

9.      MHSI is entitled to be reimbursed for all reasonable charges incurred for reasonably necessary products, services and accommodations for Gow's care, recovery or rehabilitation for injuries arising out of the subject motor vehicle accident.  MCL 500.3107(1)(a).

2

10.    The reasonable and customary charges for the services provided to Gow by MHSI between September 2, 2014, and April 3, 2015, total $72,460.00.

11.    Amica is the No-Fault insurer responsible to pay the personal injury protection benefits applicable to the injuries Gow sustained in the subject motor vehicle accident, either by way of contract, a copy of which is in Amica's possession, or by way of statute.

12.    The Amica claim number for Gow's claim is 60000141905.

13.    MHSI submitted reasonable proof of the fact and amount of loss to Amica pursuant to MCL 500.3142 and demanded payment for its services.

14.    Despite MHSI's demands, Amica has unreasonably withheld and/or delayed payment.

15.    Amica's actions in withholding and/or delaying payment are a breach of the contractual and/or statutory obligation to provide No-Fault insurance benefits.

16.    Amica's actions in withholding and/or delaying payment subject it to liability for No-Fault penalty interest, pursuant to MCL 500.3142.

17.    Amica's actions in withholding and/or delaying payment are unreasonable within the meaning of the No-Fault Act and subject it to liability for No-Fault penalty attorney fees, pursuant to MCL 500.3148.

**WHEREFORE,** MHSI prays for judgment against Amica for whatever amount of damages to which MHSI is found to be entitled including costs, RJA interest and No-Fault penalty interest pursuant to MCL 500.3142 that is deemed to be reasonable, plus interest and attorney fees so wrongfully incurred.

## COUNT II – DECLARATORY RELIEF

18.    Paragraphs 1 through 17 are incorporated as if fully restated herein.

3

19.    Amica is the No-Fault insurer responsible to pay the personal injury protection benefits applicable to the injuries Gow sustained in the subject motor vehicle accident, either by way of contract, a copy of which is in Amica's possession, or by way of statute.

20.    The treatment MHSI provided to Gow arose out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.

21.    The treatment MHSI provided to Gow was reasonably necessary for Gow's care, recovery, or rehabilitation.

22.    MHSI's charges for the treatment provided to Gow are reasonable and customary.

23.    There are no other higher priority insurance carriers under the No-Fault Act to provide benefits applicable to the injuries Gow sustained in the subject motor vehicle accident.

24.    The bills and medical records provided to Amica by MHSI constitute reasonable proof of the fact and of the amount of loss sustained.

25.    The amounts due and owing are overdue and MHSI is entitled to receive interest pursuant to MCL 500.3142.

26.    Amica's actions in withholding and/or delaying payment are unreasonable and MHSI is entitled to receive penalty attorney fees pursuant to MCL 500.3148.

**WHEREFORE,** MHSI prays this Honorable Court enter a Declaratory Judgment stating:

A.    Amica is the proper insurance carrier to pay No-Fault benefits on behalf of Gow for injuries she sustained in the automobile accident;

B.    The treatment provided by MHSI to Gow arose out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle;

C.    The treatment provided by MHSI was reasonably necessary for Gow's care, recovery, or rehabilitation;

D.    MHSI's charges for the treatment provided to Gow are reasonable and customary;

4

E.  MHSI is entitled to interest because Amica failed to pay No-Fault benefits after receiving reasonable proof of the fact and of the amount of loss sustained;

F.  MHSI is entitled to attorney fees because Amica's refusal and/or delay in making payment was/is unreasonable; and

G.  Any such further relief as this Honorable Court deems appropriate under the circumstances.

## COUNT III – MEDICARE SECONDARY PAYER ACT DOUBLE DAMAGES

27.  Paragraphs 1 through 26 are incorporated as if fully restated herein.

28.  Medicare and/or a Medicare Advantage Organization has made certain payments for reasonably necessary medical services and items provided to Gow for bodily injury she sustained in the automobile accident of December 15, 2008.  These services and items include, but are not limited to, payments for services rendered by MHSI between September 2, 2014, and April 3, 2015.

29.  Amica has breached its statutory and contractual duties to make such payments and is otherwise in violation of 42 U.S.C. § 1395y(b)(2)(A)(ii); 42 U.S.C. § 1395w-22; 42 C.F.R. § 422.402; 42 C.F.R. §411.32; 42 C.F.R. § 422.108; and 42 C.F.R. § 423.462.

30.  Based upon 42 U.S.C. § 1395y(b)(3)(A), MHSI is entitled to recover from Amica double the amount Medicare and/or a Medicare Advantage Organization has paid for reasonably necessary products, services, and accommodations for the care, recovery, or rehabilitation of Gow for the bodily injuries she sustained in the automobile accident of December 15, 2008.

**WHEREFORE,** MHSI prays for judgment against Amica for such further relief and damages as allowed under 42 U.S.C. § 1395y(b)(3)(A), including interest under 42 C.F.R. § 411.24.

5

Respectfully submitted,

MILLER & TISCHLER, P.C.

_____/s/ Alison F. Khorey_____
BY: ALISON F. KHOREY (P75716)
Attorney for Plaintiff
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334
Dated: April 29, 2015                         (248) 945-1040 / (248) 536-5042 fax

## RELIANCE ON JURY DEMAND

Plaintiff, MHSI, hereby relies upon the demand for a jury trial filed by Defendant Amica

in this matter.

Respectfully submitted,

MILLER & TISCHLER, P.C.

_____/s/ Alison F. Khorey_____
BY: ALISON F. KHOREY (P75716)
Attorney for Plaintiff
28470 W. 13 Mile Road, Suite 300
Farmington Hills, MI 48334
Dated: April 29, 2015                         (248) 945-1040 / (248) 536-5042 fax

## CERTIFICATE OF SERVICE

I hereby certify that on this __29th__ day of April 29, 2015, I electronically filed the foregoing document and Certificate of Service, with the Clerk of the Court using the Odyssey system which will electronically send notification to all counsel of record listed on said pleadings.

_____/s/ Robin R. Stewart_____
Robin R. Stewart

# EXHIBIT 3

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

MICHIGAN HEAD & SPINE
INSTITUTE, P.C. (Gow),

Plaintiff,

v.

AMICA MUTUAL INSURANCE
COMPANY,

Defendant.

Case No. 15-004439-NF

Honorable David J. Allen

15-004439-NF

FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/29/2015 8:16:02 AM
CATHY M. GARRETT

| | |
|---|---|
| ALISON F. KHOREY (P75716)<br>Miller & Tischler, PC<br>Attorneys for Plaintiff<br>28470 West 13 Mile Road, Suite 300<br>Farmington Hills, MI 48334<br>(248) 945-1040/fax (248) 536-5042<br>akhorey@msapc.net | DIANE L. HEWSON (P44628)<br>ANDREA M. MANNINO (P78856)<br>Hewson & Van Hellemont, PC<br>Attorneys for Defendant<br>25900 Greenfield Road, Suite 650<br>Oak Park, MI 48237<br>(248) 968-5200/fax (248) 968-5270<br>diane@vanhewpc.com<br>amannino@vanhewpc.com |

### DEFENDANT AMICA MUTUAL INSURANCE COMPANY'S ANSWER TO COMPLAINT

NOW COMES Defendant, AMICA MUTUAL INSURANCE COMPANY, by and through its attorneys, HEWSON & VAN HELLEMONT, P.C., by way of Answer to Plaintiff's Complaint hereinbefore filed in this matter, respectfully represents as follows:

### NATURE OF THE CLAIM

1.     Answering the allegations contained in Paragraph 1, Defendant objects to the compound nature of the allegations, and as such, same is denied.

{DocNo. 00468163 }

## THE PARTIES

2.     Answering the allegations contained in Paragraph 2, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

3.     Answering the allegations contained in Paragraph 3, Defendant admits.

## JURISDICTION AND VENUE

4.     Answering the allegations contained in Paragraph 4, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

5.     Answering the allegations contained in Paragraph 5, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

## COMMON ALLEGATIONS

6.     Defendant incorporates the above paragraphs as if fully restated herein.

7.     Answering the allegations contained in Paragraph 7, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

8.     Answering the allegations contained in Paragraph 8, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter

asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

9.     Answering the allegations contained in Paragraph 9, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs. Defendant further states that MCL 500.3107(1)(a) speaks for itself.

10.    Answering the allegations contained in Paragraph 10, the Defendant denies the same for the reason that it is untrue.

11.    Answering the allegations contained in Paragraph 11, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

12.    Answering the allegations contained in Paragraph 12, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

13.    Answering the allegations contained in Paragraph 13, upon information and belief, the claim number is 60000141905.

14.    Answering the allegations contained in Paragraph 14, the Defendant denies the same for the reason that it is untrue.

15.    Answering the allegations contained in Paragraph 15, the Defendant denies the same for the reason that it is untrue.

16.    Answering the allegations contained in Paragraph 16, the Defendant denies the same for the reason that it is untrue.

17.    Answering the allegations contained in Paragraph 17, the Defendant denies the same for the reason that it is untrue.

18.    Answering the allegations contained in Paragraph 18, the Defendant denies the same for the reason that it is untrue.

WHEREFORE, Defendant, AMICA MUTUAL INSURANCE COMPANY, respectfully requests that this Honorable Court dismiss this Complaint, in its entirety, and award costs and attorney fees so wrongfully sustained in the defense hereof.

Respectfully submitted,

**HEWSON & VAN HELLEMONT, P.C.**

By: /s/ Andrea M. Mannino
     DIANE L. HEWSON (P44628)
     ANDREA M. MANNINO (P78856)
     Attorneys for Defendant
     25900 Greenfield Road, Suite 650
     Oak Park, MI 48237
     (248) 968-5200

Dated: April 29, 2015

{DocNo. 00468163 }4

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

MICHIGAN HEAD & SPINE
INSTITUTE, P.C. (Gow),

               Plaintiff,

                               Case No. 15-004439-NF

v.

                               Honorable David J. Allen

AMICA MUTUAL INSURANCE
COMPANY,

               Defendant.

---

| ALISON F. KHOREY (P75716) | DIANE L. HEWSON (P44628) |
|---|---|
| Miller & Tischler, PC | ANDREA M. MANNINO (P78856) |
| Attorneys for Plaintiff | Hewson & Van Hellemont, PC |
| 28470 West 13 Mile Road, Suite 300 | Attorneys for Defendant |
| Farmington Hills, MI  48334 | 25900 Greenfield Road, Suite 650 |
| (248) 945-1040/fax (248) 536-5042 | Oak Park, MI  48237 |
| akhorey@msapc.net | (248) 968-5200/fax (248) 968-5270 |
| | diane@vanhewpc.com |
| | amannino@vanhewpc.com |

---

## <u>AFFIRMATIVE DEFENSES</u>

    NOW COMES Defendant, AMICA MUTUAL INSURANCE COMPANY, by and through its attorneys, HEWSON & VAN HELLEMONT, P.C., hereby sets forth the Affirmative Defenses it will or may present at the time of the trial of this cause:

    1.    That all or part of Plaintiff's complaint fails to state a claim upon which relief can be granted.

    2.    Plaintiff has failed to satisfy conditions precedent and therefore, to the extent that payment of claims is dependent upon said conditions precedent, the Complaint should be dismissed.

{DocNo. 00468163 }5

3.    Plaintiff's claims are excessive in a manner contemplated by MCL 500.3148(2)(b) and, therefore, Defendant is entitled to costs and attorney fees.

4.    The charges submitted were not reasonable and the services allegedly rendered by Plaintiff were neither reasonable nor necessary.

5.    The alleged injured party does not qualify for coverage under the Michigan No Fault Act pursuant to MCR 500.3113.

6.    The alleged injured party's medical condition did not arise out of the motor vehicle accident nor was it aggravated by the motor vehicle accident.

7.    That the Plaintiff has submitted claims which are not reasonably incurred and/or not medically necessary for the alleged injured party's care, recovery or rehabilitation from injuries sustained in the motor vehicle accident.

8.    The alleged injured party's condition(s) are not related to this motor vehicle accident but are rather preexisting conditions.

9.    The alleged injured party's need for diagnostic testing was not related to this motor vehicle accident.

10.    This Court lacks subject matter jurisdiction over this matter.

11.    Defendant asserts all defenses available under MCL 500.3101 et seq. and the policy of insurance.

12.    Defendant asserts all defenses that are applicable to the claims brought by the Plaintiff, including all coordination arguments and government set-offs.

13.    The alleged treatment was not related to the automobile accident in question.

14.     The alleged injured party was not injured as a result of this motor vehicle accident.

15.     That there are no personal protection insurance benefits that are overdue, as Defendant has not received reasonable proof of the fact and of the amount of any loss allegedly sustained.

16.     Plaintiff has failed to provide adequate documentation or support for the benefits claimed.

17.     That Plaintiff is not entitled to an award for attorney fees, interest, or costs for the reason that Defendant has not reasonably refused to pay Plaintiff's claims or unreasonably delayed in making proper payment of substantiated and proper claims.

18.     That any alleged delay or refusal of payment is the product of a bona fide factual uncertainty.

19.     The expenses claimed by Plaintiff are not reasonable charges incurred for reasonably necessary products, services, and accommodations pursuant to MCLA 500.3107(1) and MCLA 500.3157.

20.     Defendant reserves the right to raise additional affirmative defenses as they become known to the Defendant through the course of discovery and research.

Respectfully submitted,

**HEWSON & VAN HELLEMONT, P.C.**

By: /s/ Andrea M. Mannino
        DIANE L. HEWSON (P44628)
        ANDREA M. MANNINO (P78856)
        Attorneys for Defendant
        25900 Greenfield Road, Suite 650
        Oak Park, MI 48237
        (248) 968-5200

Dated: April 29, 2015

{DocNo. 00468163 }7

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

MICHIGAN HEAD & SPINE
INSTITUTE, P.C. (Gow),

        Plaintiff,

                                Case No. 15-004439-NF

v.

                                Honorable David J. Allen

AMICA MUTUAL INSURANCE COMPANY,

        Defendant.

| | |
|---|---|
| ALISON F. KHOREY (P75716)<br>Miller & Tischler, PC<br>Attorneys for Plaintiff<br>28470 West 13 Mile Road, Suite 300<br>Farmington Hills, MI 48334<br>(248) 945-1040/fax (248) 536-5042<br>akhorey@msapc.net | DIANE L. HEWSON (P44628)<br>ANDREA M. MANNINO (P78856)<br>Hewson & Van Hellemont, PC<br>Attorneys for Defendant<br>25900 Greenfield Road, Suite 650<br>Oak Park, MI 48237<br>(248) 968-5200/fax (248) 968-5270<br>diane@vanhewpc.com<br>amannino@vanhewpc.com |

## **DEMAND FOR TRIAL BY JURY**

      NOW COMES Defendant AMICA MUTUAL INSURANCE COMPANY, by and

through its attorneys, HEWSON & VAN HELLEMONT, P.C., and hereby demands a trial

by jury in this matter.

                         Respectfully submitted,

                         **HEWSON & VAN HELLEMONT, P.C.**

                         By: /s/ Andrea M. Mannino
                                DIANE L. HEWSON (P44628)
                                  ANDREA M. MANNINO (P78856)
                                  Attorneys for Defendant
                                  25900 Greenfield Road, Suite 650
                                  Oak Park, MI 48237
                                  (248) 968-5200

Dated: April 29, 2015

**PROOF OF SERVICE**

I declare under penalty of perjury that on April 29, 2015,
I served a copy of the foregoing document upon counsel
of record via electronic filing.   The above statement is
true to the best of my knowledge and information.

/s/ Annamarie L. Moore

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

MICHIGAN HEAD & SPINE
INSTITUTE, P.C. (Gow),

        Plaintiff,

                                    Case No. 15-004439-NF

v.

                                    Honorable David J. Allen

AMICA MUTUAL INSURANCE
COMPANY,

                                                  15-004439-NF

        Defendant.

                                    FILED IN MY OFFICE
                                WAYNE COUNTY CLERK
                            5/7/2015 12:12:14 PM
                              CATHY M. GARRETT

ALISON F. KHOREY (P75716)
Miller & Tischler, PC
Attorneys for Plaintiff
28470 West 13 Mile Road, Suite 300
Farmington Hills, MI  48334
(248) 945-1040/fax (248) 536-5042
akhorey@msapc.net

DIANE L. HEWSON (P44628)
ANDREA M. MANNINO (P78856)
Hewson & Van Hellemont, PC
Attorneys for Defendant
25900 Greenfield Road, Suite 650
Oak Park, MI  48237
(248) 968-5200/fax (248) 968-5270
diane@vanhewpc.com
amannino@vanhewpc.com

## DEFENDANT AMICA MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendant, AMICA MUTUAL INSURANCE COMPANY, by and through its attorneys, HEWSON & VAN HELLEMONT, P.C., by way of Answer to Plaintiff's First Amended Complaint hereinbefore filed in this matter, respectfully represents as follows:

## NATURE OF THE CLAIM

1.     Answering the allegations contained in Paragraph 1, Defendant objects to the compound nature of the allegations, and as such, same is denied.

{DocNo. 00469837 }

## THE PARTIES

2.      Answering the allegations contained in Paragraph 2, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

3.      Answering the allegations contained in Paragraph 3, Defendant admits.

## JURISDICTION AND VENUE

4.      Answering the allegations contained in Paragraph 4, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

5.      Answering the allegations contained in Paragraph 5, Defendant admits.

## COUNT I – BREACH OF CONTRACT

6.      Defendant incorporates the above paragraphs as if fully restated herein.

7.      Answering the allegations contained in Paragraph 7, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

8.      Answering the allegations contained in Paragraph 8, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

9.     Answering the allegations contained in Paragraph 9, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

10.     Answering the allegations contained in Paragraph 10, Defendant denies for the reason that same is untrue.

11.     Answering the allegations contained in Paragraph 11, Defendant denies for the reason that same is untrue.

12.     Answering the allegations contained in Paragraph 12, Defendant admits.

13.     Answering the allegations contained in Paragraph 13, Defendant objects to the compound nature of this allegation and, therefore, same is denied.

14.     Answering the allegations contained in Paragraph 14, Defendant denies for the reason that same is untrue.

15.     Answering the allegations contained in Paragraph 15, Defendant denies for the reason that same is untrue.

16.     Answering the allegations contained in Paragraph 16, Defendant denies for the reason that same is untrue.

17.     Answering the allegations contained in Paragraph 17, Defendant denies for the reason that same is untrue.

WHEREFORE, Defendant, AMICA MUTUAL INSURANCE COMPANY, respectfully requests that this Honorable Court dismiss this Complaint, in its entirety, and award costs and attorney fees so wrongfully sustained in the defense hereof.

## COUNT II – DECLARATORY RELIEF

18.   Defendant incorporates the above paragraphs as if fully restated herein,

19.   Answering the allegations contained in Paragraph 19, Amica admits that it has paid personal injury protection insurance benefits for injuries sustained by Gow in the subject motor vehicle accident; however, denies that it continues to be responsible for treatments currently being provided.

20.   Answering the allegations contained in Paragraph 20, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

21.   Answering the allegations contained in Paragraph 21, Defendant denies for the reason that same is untrue, at least to the extent that the services were allegedly provided for injuries sustained in a covered automobile event.

22.   Answering the allegations contained in Paragraph 22, Defendant denies for the reason that same is untrue.

23.   Answering the allegations contained in Paragraph 23, the Defendant is without sufficient information upon which to premise a belief as to the truth of the matter asserted therein, and therefore, neither admits nor denies and leaves Plaintiff to its proofs.

24.   Answering the allegations contained in Paragraph 24, Defendant denies for the reason that same is untrue.

25.   Answering the allegations contained in Paragraph 25, Defendant denies for the reason that same is untrue.

26.     Answering the allegations contained in Paragraph 26, Defendant denies for the reason that same is untrue.

WHEREFORE, Defendant respectfully requests that this Honorable Court deny Plaintiff's request for a declaratory judgment as the claims brought by Plaintiff are not related to reasonable and necessary care for injuries sustained in an automobile accident nor are the charges for same reasonable and customary.

## COUNT III – MEDICARE SECONDARY PAYER ACT DOUBLE DAMAGES

27.     Defendant incorporates the above paragraphs as if fully restated herein.

28.     Answering the allegations contained in Paragraph 28, Defendant objects for the reason that same is compound in nature and, therefore, same is denied.

29.     Answering the allegations contained in Paragraph 29, Defendant denies for the reason that same is untrue.

30.     Answering the allegations contained in Paragraph 30, Defendant denies for the reason that same is untrue

WHEREFORE, Defendant, AMICA MUTUAL INSURANCE COMPANY, respectfully requests that this Honorable Court dismiss this Complaint, in its entirety, and award costs and attorney fees so wrongfully sustained in the defense hereof.

Respectfully submitted,

**HEWSON & VAN HELLEMONT, P.C.**

By: /s/ Diane L. Hewson
      DIANE L. HEWSON (P44628)
      ANDREA M. MANNINO (P78856)
      Attorneys for Defendant
      25900 Greenfield Road, Suite 650
      Oak Park, MI 48237
      (248) 968-5200

Dated: May 7, 2015

{DocNo. 00469837 }5

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

MICHIGAN HEAD & SPINE
INSTITUTE, P.C. (Gow),

          Plaintiff,

                                  Case No. 15-004439-NF

v.

                                  Honorable David J. Allen

AMICA MUTUAL INSURANCE
COMPANY,

          Defendant.

---

ALISON F. KHOREY (P75716)
Miller & Tischler, PC
Attorneys for Plaintiff
28470 West 13 Mile Road, Suite 300
Farmington Hills, MI 48334
(248) 945-1040/fax (248) 536-5042
akhorey@msapc.net

DIANE L. HEWSON (P44628)
ANDREA M. MANNINO (P78856)
Hewson & Van Hellemont, PC
Attorneys for Defendant
25900 Greenfield Road, Suite 650
Oak Park, MI 48237
(248) 968-5200/fax (248) 968-5270
diane@vanhewpc.com
amannino@vanhewpc.com

---

## **AFFIRMATIVE DEFENSES**

    NOW COMES Defendant, AMICA MUTUAL INSURANCE COMPANY, by and through its attorneys, HEWSON & VAN HELLEMONT, P.C., hereby sets forth the Affirmative Defenses it will or may present at the time of the trial of this cause:

    1.    That all or part of Plaintiff's complaint fails to state a claim upon which relief can be granted.

    2.    Plaintiff has failed to satisfy conditions precedent and therefore, to the extent that payment of claims is dependent upon said conditions precedent, the Complaint should be dismissed.

{DocNo. 00469837 }6

3.     Plaintiff's claims are excessive in a manner contemplated by MCL 500.3148(2)(b) and, therefore, Defendant is entitled to costs and attorney fees.

4.     The charges submitted were not reasonable and the services allegedly rendered by Plaintiff were neither reasonable nor necessary for injuries sustained in an automobile accident and, therefore, this Complaint should be dismissed.

5.     Defendant is entitled to setoff as it has inadvertently paid for claims to this Plaintiff which are neither reasonable nor necessary and for which it should not have made payment.

6.     There is no material issue of fact and, therefore, Plaintiff's Complaint must be dismissed.

7.     That Plaintiff has failed to submit reasonable proof of the fact and amount of loss and, therefore, this Complaint must be dismissed.

8.     That the billed services exceed the reasonable and customary rate for like services and are, per se, excessive.

9.     All or part of the claims being filed by Plaintiff are either excessive or fraudulent, entitling Amica to attorney fees pursuant to MCL 500.3148.

10.     That Plaintiff's claims are barred in whole or in part by the applicable statute of limitations provision or by the one year back rule as set forth in MCL 500.3145.

11.     That the alleged benefits were not incurred by the patient identified and, therefore, they are not owed by this Defendant.

12.     Claimant's alleged injuries did not arise from a motor vehicle accident and, therefore, this Complaint must be dismissed.

13.    The alleged injured party does not qualify for coverage under the Michigan No Fault Act pursuant to MCR 500.3113.

14.    The alleged injured party's medical condition did not arise out of the motor vehicle accident nor was it aggravated by the motor vehicle accident.

15.    That the Plaintiff has submitted claims which are not reasonably incurred and/or not medically necessary for the alleged injured party's care, recovery or rehabilitation from injuries sustained in the motor vehicle accident.

16.    The alleged injured party's condition(s) are not related to this motor vehicle accident but are rather preexisting conditions.

17.    The alleged injured party's need for diagnostic testing was not related to this motor vehicle accident.

18.    This Court lacks subject matter jurisdiction over this matter.

19.    Defendant asserts all defenses available under MCL 500.3101 et seq. and the policy of insurance.

20.    Defendant asserts all defenses that are applicable to the claims brought by the Plaintiff, including all coordination arguments and government set-offs.

21.    The alleged treatment was not related to the automobile accident in question.

22.    The alleged injured party was not injured as a result of this motor vehicle accident.

23.    That there are no personal protection insurance benefits that are overdue, as Defendant has not received reasonable proof of the fact and of the amount of any loss allegedly sustained.

24.     Plaintiff has failed to provide adequate documentation or support for the benefits claimed.

25.     That Plaintiff is not entitled to an award for attorney fees, interest, or costs for the reason that Defendant has not reasonably refused to pay Plaintiff's claims or unreasonably delayed in making proper payment of substantiated and proper claims.

26.     That any alleged delay or refusal of payment is the product of a bona fide factual uncertainty.

27.     The expenses claimed by Plaintiff are not reasonable charges incurred for reasonably necessary products, services, and accommodations pursuant to MCLA 500.3107(1) and MCLA 500.3157.

28.     Defendant reserves the right to raise additional affirmative defenses as they become known to the Defendant through the course of discovery and research.

Respectfully submitted,

**HEWSON & VAN HELLEMONT, P.C.**

By: /s/ Diane L. Hewson
        DIANE L. HEWSON (P44628)
        ANDREA M. MANNINO (P78856)
        Attorneys for Defendant
        25900 Greenfield Road, Suite 650
        Oak Park, MI 48237
        (248) 968-5200

Dated: May 7, 2015

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

MICHIGAN HEAD & SPINE
INSTITUTE, P.C. (Gow),

        Plaintiff,

                                  Case No. 15-004439-NF

v.

                                  Honorable David J. Allen

AMICA MUTUAL INSURANCE COMPANY,

        Defendant.

| | |
|---|---|
| ALISON F. KHOREY (P75716)<br>Miller & Tischler, PC<br>Attorneys for Plaintiff<br>28470 West 13 Mile Road, Suite 300<br>Farmington Hills, MI 48334<br>(248) 945-1040/fax (248) 536-5042<br>akhorey@msapc.net | DIANE L. HEWSON (P44628)<br>ANDREA M. MANNINO (P78856)<br>Hewson & Van Hellemont, PC<br>Attorneys for Defendant<br>25900 Greenfield Road, Suite 650<br>Oak Park, MI 48237<br>(248) 968-5200/fax (248) 968-5270<br>diane@vanhewpc.com<br>amannino@vanhewpc.com |

## <u>RELIANCE ON JURY DEMAND</u>

NOW COMES Defendant AMICA MUTUAL INSURANCE COMPANY, by and through its attorneys, HEWSON & VAN HELLEMONT, P.C., and hereby relies upon the jury demand previously filed in this matter.

                        Respectfully submitted,

                        **HEWSON & VAN HELLEMONT, P.C.**

                        By: /s/ Diane L. Hewson
                                DIANE L. HEWSON (P44628)
                                ANDREA M. MANNINO (P78856)
                                Attorneys for Defendant
                                25900 Greenfield Road, Suite 650
                                Oak Park, MI 48237
                                (248) 968-5200

Dated: May 7, 2015

{DocNo. 00469837 }10

## PROOF OF SERVICE

I declare under penalty of perjury that on May 7, 2015, I served a copy of the foregoing document upon counsel of record via electronic filing.  The above statement is true to the best of my knowledge and information.

/s/ Annamarie L. Moore